MEEKER v. C. R. REMINGTON & SON CO.

(Supreme Court, Appellate Division, Fourth Department. June 9, 1901.)

1. COSTS—SECOND TRIAL.

Under Code Civ. Proc. § 3228, providing that the plaintiff is entitled to costs of course on a final judgment in his favor, in an action for the recovery of money, where plaintiff obtains judgment on a second trial, after the judgment entered on the first trial was set aside, she is entitled to costs of both trials.

2. SAME—ADDITIONAL COSTS—NEW TRIAL.

Plaintiff, on recovering a money judgment against defendant, was awarded additional costs, under Code Civ. Proc. § 3253, subd. 2, providing that in difficult cases the court may award an additional sum as costs, not exceeding 5 per cent. on the sum recovered. On appeal the judgment was set aside, and a new trial granted, on which plaintiff recovered a larger verdict than at first, and her costs were taxed, including the sum awarded as additional costs in the first judgment. Held, that her right to such additional award fell with the judgment, since such award, being based on the sum recovered, if allowed to stand after a new trial was ordered, might result in an allowance greater than the statute permitted, in case the verdict on the second trial was less than on the first.

Appeal from special term.

Action by Laura H. Meeker, as administratrix, against the C. R. Remington & Son Company. From an order of the special term denying defendant's motion to reduce plaintiff's costs, defendant appeals. Modified.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Watson M. Rogers, for appellant.

Henry Pursell, for respondent.

ADAMS, P. J. This is an appeal from an order of the special term denying the defendant's motion to reduce the plaintiff's costs by striking therefrom certain objectionable items. It appears that the case has been twice tried. Upon the first trial a verdict of $5,000 was rendered, upon which recovery the trial justice granted an additional allowance of $150. But the judgment entered thereon was thereafter reversed, and a new trial ordered by this court. 53 App. Div. 592, 65 N. Y. Supp. 1116. Upon the second trial a recovery of $5,650 was had, and a motion was subsequently made by the plaintiff for an additional allowance upon that sum, which was denied by the trial court. The plaintiff thereupon proceeded to tax her costs, including therein the costs of the first trial, and likewise the allowance of $150 granted upon the first recovery, all of which were allowed by the taxing officer. A motion was thereafter made at special term to strike out the costs of the first trial and the additional allowance, which motion was denied, and from the order denying the same this appeal is brought.

We are of the opinion that, in so far as the order appealed from denied the motion to strike out the costs of the first trial, it was properly granted. These costs are designed to compensate the plaintiff for certain steps taken during the progress of the litigation, and by the provisions of section 3228 of the Code of Civil Procedure she was entitled to recover the same, of course, upon the rendering of a final judgment in her favor in the action. But the same is not true of the item of $150. This was in the nature of an extra allowance to the plaintiff, which is provided for by subdivision 2 of section 3253 of the Code of Civil Procedure. Its allowance is dependent upon the fact that the action is a difficult and extraordinary one, and rests largely in the discretion of the court. Moreover, the amount thereof is expressly limited to a sum not exceeding 5 per centum upon the amount of the recovery or claim. In the present instance it was allowed at the rate of 3 per centum upon the recovery of $5,000, and manifestly that recovery was the basis, and the sole basis, upon which the allowance was granted and computed. It would seem to follow, therefore, that the right to the allowance was lost with the extinguishment of the basis upon which it depended. A different construction of the statute would inevitably lead to much confusion, and quite possibly to a disregard of the limitation which it contains. To illustrate: If the recovery upon the second trial had been but $1,000, no court would have felt at liberty to have granted the plaintiff a greater sum by way of additional

allowance than $50; and yet, if the original allowance is to stand, the plaintiff would be permitted to recover three times as much as the statute allows. It is quite apparent that this construction was given to the statute by the plaintiff herself, else she would not have made a second application at the conclusion of the last trial; for surely it will not be contended that the plaintiff is entitled to an additional allowance every time her case is tried. The view we take of the question leads to the conclusion that the order appealed from should be reversed, so far as this item is concerned, and that such item of $150 should be eliminated from the judgment; but, inasmuch as the defendant has appealed from the entire order, no costs should be allowed to either party.

So much of the order appealed from as denies the defendant's motion to strike out the allowance of $150 is reversed, and the judgment herein is modified by striking therefrom said item, without costs of this appeal to either party. All concur.

---

JAMES CURRAN MFG. CO. v. AULTMAN & TAYLOR MACHINERY CO.

(Supreme Court, Appellate Division, First Department. June 14, 1901.)

1. APPEAL—QUESTIONS CONSIDERED—TRIAL.
    Where the court, in an action on a contract, fails to instruct that there can be no recovery if the parties did not agree as to the compensation, and the submission of such an issue is not requested, the failure to submit it will not be considered on appeal.

2. SAME—TRIAL—INSTRUCTIONS—NONSUIT—SUBMISSION OF ISSUES.
    The statement by the court, on denying a motion to direct a verdict or a nonsuit, as to rulings which he will make in his charge, is not reversible error, when the instructions as given leave the real question in the cause to the jury, and there is no request for the submission of other issues.

3. CONTRACTS—SUFFICIENCY OF EVIDENCE.
    Plaintiff testified, in an action for defendant's failure to deliver a boiler in accordance with a contract, that an agreement as to price and for delivery by a certain time was made with defendant's agent, and such evidence was corroborated, though it was denied by defendant's agent. Letters afterwards written by the agent, stating that the only reason of defendant's failure to fulfill the contract was its inability to do so within the specified time, were introduced. Held sufficient to show a valid contract between the parties.
    Hatch and Laughlin, JJ., dissenting.

Appeal from trial term, New York county.